I am of opinion that 5 Geo. II., ch. 7, meant to make lands liable to the payment of debts, and so far as regards the payment of debts, to have them proceeded against as personal chattels; and that they descend to the heir chargeable with all such just debts as shall be recovered against the executor. Hundreds of tracts of land have been sold since that act upon the supposition that the law was such.
The plaintiff had a verdict and judgment.
NOTE BY REPORTER. — Upon a case circumstanced exactly as this, tried at Halifax three or four terms ago, between Baker and Ashe, WILLIAMS, J., delivered the same opinion, or to the like effect, as MACAY, J., now gave. And the plaintiff recovered upon the same grounds as the (72) plaintiff in this case now recovered. MACAY, J., being then upon the bench, but not giving an express opinion of himself — having now given it, whereby the opinion of a majority of the judges upon this point being obtained, it is supposed it may now be received and cited as law. Accordingly this case, as being of great importance, and affecting perhaps much real property in this country, has been reported here.
See Act of 1714, Rev., ch. 226; 1789, Rev., ch. 311; 1791, Rev., ch. 352; 1806, Rev., ch. 704. And see Spaight v. Wade, 6 N.C. 295, andTemple v. Jones, 7 N.C. 579, which are constructions upon the two first mentioned acts. The design of all these enactments was that after it had been judicially ascertained that the personal representatives had no assets, or not sufficient to satisfy the plaintiff's demand, the heir or devisee should have notice by sci. fa. to come in and contest the fact of lands descended, or might make up a collateral issue with the personal representatives and have the question of assets again inquired into. The heirs or devisees, if they sold the land before action brought or process sued out against them, became personally liable for the value of the lands; but if the lands continued in the hands of the heirs or devisees, or were fraudulently sold, the lands themselves only were liable to the execution. The lands, if bona fide sold before the sci. fa., it seems would not be liable, and in such case the creditor must look to the personal responsibility of the heir or devisee.
See, also, Badger v. Daniel, 79 N.C. 372.
Cited: Tarkington v. Alexander, 19 N.C. 94 Bevers v. Park, 88 N.C. 459;Speer v. James, 94 N.C. 41; Cowles v. Hardin, 91 N.C. 233.